## AFFIDAVIT OF MATTHEW F. LENZE

I, Matthew F. Lenze, being duly sworn, depose and state as follows:

1.      I am a Deportation Officer with Department of Homeland Security ("DHS"),
Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations
("ERO"), assigned to the Office of the Field Office Director, Boston, Massachusetts.  I have
been employed with DHS since July 2009.  During my tenure with DHS, I have worked in many
capacities, including as an Immigration Enforcement Agent, Deportation Officer, and
Supervisory Detention and Deportation Officer.  I have been employed in my present position
since March 2019 and assigned to ERO Criminal Prosecutions since February 2020.

2.      I have received training and experience in the enforcement of the immigration
laws of the United States and detection and apprehension of aliens who are in the United States
unlawfully.  Among other duties, I am assigned to investigate cases involving persons who have
illegally reentered the United States after having been deported and other violations of the
Immigration and Nationality Act.  I know that it is a violation of Title 8, United States Code,
Section 1326 to reenter the United States after deportation without having received the express
consent of the Secretary of DHS (or, for aliens removed prior to November 25, 2002, the
Attorney General).

3.      I submit this affidavit in support of an application for a criminal complaint
charging Tomas Mercedes TORRES-SABINO, born 1984, with unlawful re-entry of deported
alien, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

4.      I am familiar with the facts and circumstances of this investigation from my own
personal participation, from oral and written reports made to me by ICE agents and other federal,

state, and local law enforcement agencies, as well as my review of the criminal history records and Alien File #xxx-xxx-930 ("A-File") of TORRES-SABINO.

5.     This affidavit is submitted for the limited purpose of establishing probable cause to believe that TORRES-SABINO committed the above offense.  Accordingly, I have not included each and every fact known to me and other law enforcement officers involved in this investigation.  I have set forth only the facts that I believe are needed to establish the requisite probable cause.

## PROBABLE CAUSE

6.     TORRES-SABINO is a citizen and national of the Dominican Republic.  He currently has no legal authority to be present in the United States.  TORRES-SABINO is neither a citizen nor a national of the United States.

7.     On or about February 24, 1994, TORRES-SABINO was admitted to the United States at or near San Juan, Puerto Rico, as a lawful permanent resident.

8.     On or about November 5, 2007, TORRES-SABINO was convicted of several offenses charged in Lawrence District Court docket 0718cr5610, including assault and battery with a dangerous weapon ("ABDW"), which is an aggravated felony as defined at 8 U.S.C. § 1101(a)(43).  He was sentenced to two and a half years in a House of Correction on five counts; his conviction was placed on file on two counts; and he received a two and a half year sentence on the ABDW charge, which was suspended for six years.  On that same date, he was convicted of multiple offenses in Lawrence District Court docket 0618cr0199, including assault with a dangerous weapon (handgun).  On that count, he was also sentenced to two and a half years in a House of Correction, suspended for six years.

2

9.      On or about September 2, 2009, ICE encountered TORRES-SABINO at the Essex County House of Correction in Middleton, Massachusetts.   Thereafter, ICE issued an I-862, Notice to Appear and TORRES-SABINO when he was interviewed, he indicated that he was a citizen and national of Dominican Republic.

10.     On or about September 29, 2009, an immigration judge ordered TORRES-SABINO removed to the Dominican Republic, and he waived his right to appeal the decision with the Board of Immigration Appeals (BIA).

11.     On or about November 6, 2009, TORRES-SABINO was removed from the United States to the Dominican Republic.  Prior to his removal, immigration authorities documented TORRES-SABINO'S fingerprints and photographed him. I have confirmed that this information is maintained in his A-file.

12.     On or about an unknown date, at an unknown location, TORRES-SABINO unlawfully re-entered the United States without being admitted or paroled or receiving permission by the Secretary of Homeland Security.

13.     On or about December 11, 2019, officers from the Lawrence, Massachusetts Police Department arrested TORRES-SABINO and he was charged in Lawrence District Court docket number 1918cr5167 with assault and battery on a family or household member and furnishing a false information to police.  The new charges triggered a violation of probation in Lawrence District Court docket numbers 0718cr5610 and 0618cr0199.

14.     On or about December 13, 2019, the ICE Boston Field Office, Secured Communities Unit received an Immigration Alien Response (IAR) from the ICE Law Enforcement Support Center (LESC) based on his new arrest by Lawrence Police Department.  I am aware that the fingerprints taken from TORRES-SABINO at the time of his 2019 Lawrence

arrest have been compared against the fingerprints taken in the course of his 2009 removal, and

have been determined to match. Based on this information an I-247 Detainer was lodged with the

Essex County House of Correction, Middleton, Massachusetts.

15.     On December 18, 2019, TORRES-SABINO's two and a half year suspended

sentences in Lawrence District Court dockets 0718cr5610 and 0618cr0199 were imposed, to be

served at the Essex County House of Correction.

## **CONCLUSION**

16.     Based on the foregoing facts, I submit that there is probable cause to believe that

on or about December 13, 2019, TORRES-SABINO, being an alien and having been excluded,

removed, and deported from the United States on or about November 6, 2009, was found in the

United States without having received the express consent of the Secretary of the Department of

Homeland Security to reapply for admission to the United States, in violation of Title 8, United

States Code, Sections 1326(a) and (b)(2).


Sworn to under the pains and penalties of perjury,


_____
Matthew F. Lenze
Deportation Officer
U.S. Immigration and Customs Enforcement


Sworn to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on May 14,
2021:


_____
Honorable Judith G. Dein
United States Magistrate Judge